# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

FERRIS W. WHARTON
   *JUDGE*

LEONARD L. WILLIAMS JUSTICE CENTER
WILMINGTON, DE 19801-3733
PHONE: (302) 255-0657
FAX: (302) 255-2273

January 19, 2023

John W. Downs, Esquire
Matthew B. Frawley, Esquire
Samuel B. Kenney, Esquire
Deputy Attorneys General
Department of Justice
820 N. French St.
Wilmington, DE 19801

Megan J. Davies, Esquire
716 Tatnall Street
Wilmington, DE 19801

Richard Sparaco, Esquire
1920 Fairfax Avenue
Cherry Hill, NJ 08003, and
P.O. Box 371
Lewes, DE 19958

Keith Gibson # 00303443
James T. Vaughn Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

    **Re:   State v. Keith Gibson**
**ID Nos. 2106004632; 2106004704; 2107000202; 2107000514**

Submitted:  January 18, 2023
Decided: January 19, 2023

*Upon Defendant Keith Gibson's Pro Se Motion for Reargument,*
**DENIED.**

Dear Counsel and Mr. Gibson:

On July 6, 2021, Defendant Keith Gibson ("Gibson") was indicted in a forty-

one-count indictment.[1]  His charges include Murder First Degree (four counts);[2] Attempted Murder First Degree (one count) and multiple counts of Robbery First Degree, Possession of a Firearm During the Commission of a Felony, and Possession of a Firearm by a Person Prohibited.  The charges stem from five separate criminal investigations that took place between May 15, 2021 and June 8, 2021.  On November 2, 2022, the Court entered an order severing the charges and establishing three groupings for trial.[3]

The Court held a hearing on Gibson's then attorneys' Second Motion to Withdraw as Counsel on August 31, 2022.  At that time, the Court granted him limited permission to pursue on his own the motions he wanted counsel to file, but that counsel refused to file because, in their view, they lacked merit.[4]  On September 1, 2022, the day after the hearing, the Court wrote Gibson explaining the scope of that limited permission.[5]  Specifically, the Court permitted Gibson to address by way of motion his contention that the arrest warrants in ID Nos. 2106004704 and 2106004632 were constitutionally defective because Wilmington Police Cpl. Ryan Kilmon and Det. A. Ford made material misstatements and material omissions in their affidavits in order to obtain them.[6]  It also permitted Gibson to address his claim alleging that the prosecution and police engaged in misconduct related to pretrial publicity and in securing the arrest warrants and indictment.[7]  Finally, it allowed him to advance his contention that the arrest warrant in ID No. 2106004632 was not supported by oath or affirmation and was not signed by the affiant or the issuing judicial authority.[8]

Gibson filed his motions on September 16, 2022.[9]  According to the State, his

---

[1] Indictment, D.I. 1.

[2] The four First Degree Murder counts are comprised of one intentional murder charge and one felony murder charge for each of the two homicide victims.

[3] *State v. Gibson,* 2022 WL 16642860 (Del. Super. Ct. Nov. 2, 2022).

[4] *See,* D.I. 65, 66. (Docket Items are from ID. No. 2106004632A).

[5] D.I. 66.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Gibson also filed an Affidavit in Conjunction with Motion to Suppress regarding the Truthfulness of the Statements Contained in the Search Warrant, D.I. 72.

filings total 274 pages.[10] The State responded in opposition.[11] Although the Court did not request a reply from him, Gibson filed a lengthy one anyway.[12] The Court issued its decision on those motions on December 5, 2022.[13] That decision denied Gibson's Motion to Dismiss Indictment, his Motion to Suppress Evidence from Illegal Stop June 8, 2021 Arrest–Franks Challenge/Reverse–Franks, and his Motion to Suppress Improperly Formed, Constitutionally Defective Arrest Warrants, and Those Evidences [sic] Derived from the Arrest.[14] It deferred his *Miranda* Violation Notice, Treated as Motion to Suppress, for a hearing prior to any trial at which the State seeks to admit the challenged statements.[15] It also deferred resolution of Gibson's Motion to Suppress Evidence Seized from Defendant's Philadelphia, Pennsylvania Residence 2753 North Croskey Street, Phila PA 18132 until the State can provide Gibson's new attorneys with complete copies of the search warrants.[16]

Since that time, Gibson has written to the President Judge, who was formerly assigned to his case, on a number of occasions. Apparently, Gibson is under the mistaken belief that the President Judge conducts appellate review of the decisions this judge makes. That is not the case. The fact of those filings is noted on the docket with a notation that they have been referred to Gibson's counsel. Although the President Judge makes this judge aware of those filings, the Court takes no action on them because they are not addressed to the judge assigned to the cased and have no legal significance or effect.

Most recently, however, on January 18, 2023, this judge received the last 21 pages of what appears to be a 46 page letter delivered in two separate envelopes to the President Judge.[17] Having reviewed all 46 pages, the Court has determined to treat the correspondence as a Motion for Reargument of its December 5, 2022

---

[10] *See,* State's Response, D.I. 78.

[11] *Id.*

[12] D.I. 79.

[13] *State v. Keith Gibson,* 2022 WL 17430368 (Del. Super. Ct. Dec. 5, 2022).

[14] *Id.*

[15] *Id.,* at 5.

[16] *Id.*

[17] The letter itself is undated. However, the first 25 pages addressed to the President Judge were postmarked on January 9, 2023 and pages 26-46 were postmarked on January 13th. This judge received pages 26-46, also postmarked on January 13th.

decision.

Pursuant to Superior Court Civil Rule 59(e), made applicable to criminal cases by Superior Court Criminal Rule 57(d), a motion for reargument will be granted only if the Court has "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[18] A motion for reargument is not an opportunity for a party to either rehash arguments already decided by the Court or present new arguments not previously raised.[19] Therefore, to succeed on such a motion, the moving party has the burden of demonstrating the existence of newly discovered evidence, a change in the law, or manifest injustice.[20] Most importantly, however, "A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."[21]

The motion is untimely, having been filed more than a month after the Court's opinion was filed, and is **DENIED**. Further, having reviewed the motion, which consists largely of rehashing arguments already decided by the Court, the Court is not persuaded that it either overlooked controlling precedent or legal principles or misapprehended the law or facts such as would have changed the outcome.

Going forward, Gibson is directed to submit his *pro se* papers, to the extent the Court permits him to file them, to the Prothonotary. He must copy his attorneys and opposing counsel on all correspondence. He also may submit courtesy copies to chambers.

Because this judge received only a portion of the two-part document received by the President Judge, the Court orders that all three mailings be docketed in order that the record be complete. The Court also directs that all counsel receive copies of Gibson's three filings.

Finally, Gibson is reminded that his permission to participate with counsel is

---

[18] *Janeve Co., Inc. v. City of Wilmington*, 2009 WL 2386152, at *1 (Del. Super. July 24, 2009) (quoting *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008)).

[19] *See Reid*, 2008 WL 2943373, at *1 (citations omitted).

[20] *Id.*

[21] Super. Ct. Civ. R. 59(e).

4

limited. Attempts to litigate outside of that limited permission will be referred to counsel without any action being taken by the Court.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.